**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**EASTERN DIVISION**

| | |
|---|---|
| CARMESHA VENEABLE,<br><br>Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES LLC,<br><br>Defendant. | No. C23-2049-LTS-MAR<br><br>**MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTION TO DISMISS** |

## *I. INTRODUCTION*

This matter is before me on a motion (Doc. 6) by defendant Equifax Information Services, LLC (Equifax), to dismiss for failure to state a claim upon which relief may be granted and lack of standing.[1] On August 19, 2026, I entered an order advising plaintiff Carmesha Veneable that her deadline for filing a resistance had expired and warned that if she did not respond to the motion on or before September 2, 2026, the motion would be granted as unresisted. *See* Doc. 8. Veneable has not filed a resistance.[2] Oral argument is not necessary. *See* LR 7(c).

---

[1] Although Equifax primarily argues its motion (Doc. 6) to dismiss under Federal Rule of Civil Procedure 12(b)(6), it also contends that Veneable lacks standing. Doc. 6-1 at 8-9. "A motion to dismiss for lack of standing presents a jurisdictional question that is properly analyzed under Federal Rule of Civil Procedure 12(b)(1)." *Elder v. Gillespie*, 54 F.4th 1055, 1063 (8th Cir. 2022).

[2] A party resisting a motion must, within 14 days after the motion is served, file a resistance. LR 7(e). If no timely resistance is filed, the motion may be granted without notice. LR 7(f). Under such circumstances, the court is free to consider and rule on the merits of the pending motion without waiting for the nonmoving party to file a resistance. *See James v. Cerro Gordo Cty. Jail*, No. 17-cv-3039, 2019 WL 97032, at *3 (N.D. Iowa Jan. 3, 2019); *Johnson v. Boyd-Richardson Co.*, 650 F.2d 147, 149 (8th Cir. 1981).

## *II. BACKGROUND AND PROCEDURAL HISTORY*

In her pro se complaint, (Doc. 3), Veneable alleged that she sent written notices to Equifax on or about May 27, 2023, disputing the completeness and accuracy of three different trade lines in her Equifax report, which she asserted Equifax "prepared, maintained, and published to others." *Id.* at 2. She alleged Equifax "negligently and/or willfully failed to follow reasonable procedures to assure maximum accuracy of the data in consumer reports concerning Plaintiff, and investigate, delete, o[r] modify the disputed information, and provide a response to Plaintiff within 30 days of receipt of Plaintiff's disputes." *Id.* She sought actual, statutory and punitive damages under the Fair Credit Reporting Act (FCRA) in the amount of $11,000. *Id.*

On initial review, I allowed her claim pursuant to 15 U.S.C. § 1681i to proceed. Doc. 2 at 3. On July 6, 2026, Equifax filed a motion (Doc. 6) to dismiss Veneable's complaint, recognizing claims under 15 U.S.C. §§ 1681e(b), i. *See* Doc. 6-1 at 5-8. Veneable has failed to file a response to the motion.

## *III. APPLICABLE STANDARDS*

### *A. Rule 12(b)(1) Standards*

Rule 12(b)(1) permits a party to seek dismissal for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The federal courts are courts of limited jurisdiction that "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Marine Equip. Mgmt Co. v. United States*, 4 F.3d 643, 646 (8th Cir. 1993). The Federal Rules of Civil Procedure authorize a motion to dismiss a complaint due to a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The burden of proving subject matter jurisdiction is on the plaintiff. *V S Ltd. P'ship v. Dep't. of Hous. and Urb. Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000) (citing *Nucor Corp. v. Neb. Pub. Power Dist.*, 891 F.2d 1343, 1346 (8th Cir. 1989)). Moreover, a federal court has a special obligation to consider *sua sponte* whether

it has subject matter jurisdiction in every case. *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011).

If a plaintiff lacks standing to pursue a claim, then the court has no subject matter jurisdiction. *Brooks v. City of Des Moines, Iowa*, 844 F.3d 978, 979 (8th Cir. 2016). "Therefore, a standing argument implicates Rule 12(b)(1)." *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002). When determining standing, the emphasis is on whether the plaintiff "possesses a legally cognizable interest, or 'personal stake,' in the outcome of the action." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) (quoting *Camreta v. Greene*, 563 U.S. 692, 701 (2011)). Generally, a plaintiff must assert his or her own legal rights and cannot assert the legal rights of third parties. *Warth v. Seldin*, 422 U.S. 490, 499 (1975).

The doctrine of standing ensures that courts hear only "those disputes which are appropriately resolved through the judicial process." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). As the Supreme Court has explained:

> [T]he irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of . . . Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.
>
> The party invoking federal jurisdiction bears the burden of establishing these elements. Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation.

*Id.* at 560–61 (citations omitted) (quotations omitted); *see also City of Clarkson Valley v. Mineta*, 495 F.3d 567, 569 (8th Cir. 2007). The requirement of standing "ensures that [judges] act *as* judges, and do not engage in policymaking properly left to elected representatives." *Hollingsworth v. Perry*, 570 U.S. 693, 700 (2013) (emphasis omitted).

"The standing inquiry is both plaintiff-specific and claim-specific. Thus, a reviewing court must determine whether each particular plaintiff is entitled to have a federal court adjudicate each particular claim that he asserts." *Pagan v. Calderon*, 448 F.3d 16, 26 (1st Cir. 2006) (citing *Allen v. Wright*, 468 U.S. 737, 752 (1984)).

Where a party limits its subject matter jurisdiction attack to the face of the complaint, the attack is a "facial challenge." *Jones v. United States*, 727 F.3d 844, 846 (8th Cir. 2013). When presented with a facial challenge, "the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Id.* (quoting *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (quotations omitted)). Those protections include treating the complainant's factual allegations as true and dismissing the action only if it appears beyond a doubt that the complainant can prove no set of facts in support of its claim that would entitle it to relief. *Osborn*, 918 F.2d at 729 n.6.

By contrast, when a party makes a factual challenge to the district court's jurisdiction pursuant to Rule 12(b)(1), "no presumptive truthfulness attaches to the [complainant's] allegations, and the existence of disputed material facts will not preclude [the court] from evaluating . . . the merits of the jurisdictional claims." *Iowa League of Cities v. EPA*, 711 F.3d 844, 861 (8th Cir. 2013) (quoting *Osborn*, 918 F.2d at 729–30 & n.6) (quotations omitted). Where the challenge is factual, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). "[T]he court may look beyond the pleadings and 'the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (citation omitted). The court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indon.*, 370 F.3d 392, 398 (4th Cir. 2004).

Here, the attack is facial, not factual, as Equifax argues that Veneable's allegations do not meet the legal requirements to establish standing. As such, I will consider only the parties' pleadings.

### *B. Rule 12(b)(6) Standards*

The Federal Rules of Civil Procedure authorize a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Supreme Court has provided the following guidance in considering whether a pleading properly states a claim:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555, 127 S. Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S. Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

Courts assess "plausibility" by "'draw[ing] on [their own] judicial experience and common sense.'" *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 679). Also, courts "review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation." *Id.* (quoting *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010)). While *factual* "plausibility" is typically the focus of a Rule 12(b)(6) motion to dismiss, federal courts may dismiss a claim that lacks a cognizable *legal* theory. *See, e.g.*, *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013); *Ball v. Famiglio*, 726 F.3d 448, 469 (3d Cir. 2013); *Commonwealth Prop. Advocates, L.L.C. v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011); *accord Target Training Intern., Ltd. v. Lee*, 1 F. Supp. 3d 927 (N.D. Iowa 2014).

In considering a Rule 12(b)(6) motion to dismiss, ordinarily the court "cannot consider matters outside the pleadings without converting the motion into a motion for summary judgment." *McMahon v. Transamerica Life Ins.*, No. C17-149-LTS, 2018 WL 3381406, at *2 n.2 (N.D. Iowa July 11, 2018); *see* Fed. R. Civ. P. 12(b)(6). On the other hand, when a copy of a "written instrument" is attached to a pleading, it is considered "a part of the pleading for all purposes," pursuant to Federal Rule of Civil Procedure 10(c). Thus, when the pleadings necessarily embrace certain documents, I may consider those documents without turning a motion to dismiss into a motion for summary judgment. *Id.* These documents include "exhibits attached to the complaint." *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003).

When a complaint does not state a claim for relief that is plausible on its face, the court must consider whether it is appropriate to grant the pleader an opportunity to replead. The rules of procedure permit a party to respond to a motion to dismiss by amending the challenged pleading "as a matter of course" within 21 days. *See* Fed. R. Civ. P. 15(a)(1)(B). Thus, when a motion to dismiss highlights deficiencies in a pleading that can be cured by amendment, the pleader has an automatic opportunity to

do so. When the pleader fails to take advantage of this opportunity, the question of whether to permit an amendment depends on considerations that include:

> whether the pleader chose to stand on its original pleadings in the face of a motion to dismiss that identified the very deficiency upon which the court dismissed the complaint; reluctance to allow a pleader to change legal theories after a prior dismissal; whether the post-dismissal amendment suffers from the same legal or other deficiencies as the dismissed pleading; and whether the post-dismissal amendment is otherwise futile.

*Meighan v. TransGuard Ins. Co. of Am.,* 978 F. Supp. 2d 974, 982 (N.D. Iowa 2013).

## *IV. ANALYSIS*

### *A. Failure to Prosecute*

As noted above, I gave Veneable a final 30 days to respond to Equifax's motion to dismiss, stating, "[i]f plaintiff does not file a resistance on or before September 2, 2026, the motion to dismiss will be granted as unresisted and this case will be dismissed." Doc. 8. She has failed to respond. For that reason, Equifax's motion to dismiss will be granted. Additionally, Veneable has failed to update the court regarding her address, which is a violation of Local Rule 3(c), and she has otherwise failed to prosecute this case in any manner since filing her complaint more than three years ago. These are additional reasons to dismiss her complaint. However, I will also briefly explain why her complaint would be dismissed for failure to state a claim even if she had filed a resistance.

### *B. Rule 12(b)(1) Analysis*

Equifax alleges that Veneable does not have standing to sue because she did "not even allege any harm suffered as a result of any alleged inaccuracy or incompleteness." Doc. 6-1 at 8. Equifax appears to challenge only the injury-in-fact element of standing

for her § 1681e(b) claim.[3] *See id.* Upon my own review, Veneable has shown both the causation and redressability elements. In *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), the Supreme Court held that class members "whose [inaccurate] reports were disseminated to third-party businesses" had standing to sue under § 1681e(b). *Id.* at 432-33, 442. Veneable alleged that inaccuracies existed in her consumer report that Equifax "published to others." Doc. 3 at 2. Courts must liberally construe pro se complaints. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Because Veneable has alleged that Equifax disseminated inaccurate reports to others, she has demonstrated an injury-in-fact and has standing to sue.

### *C. Rule 12(b)(6) Analysis*

Equifax argues that Veneable's FCRA claims fail as a matter of law. Doc. 6-11 at 5. Applicable here are two sections of FCRA: sections 1681e(b) and 1681i. Section 1681e(b) provides: "Whenever a consumer reporting agency [(CRA)] prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." Section 1681i(a)(1)(A) provides:

> [I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

[3] Confusingly, the motion to dismiss switches between "claim" and "claims" throughout. Doc. 6-1 at 1-10. In any event, the cases Equifax cites in its standing section relate only to Veneable's § 1681e(b) claim. *See id.* at 8-9.

A consumer must dispute an item of information reported in his or her file to trigger § 1681i:

> A CRA's duty to reinvestigate under § 1681i(a)(1)(A) is not—as [the plaintiff] argues—triggered by a consumer's complaint that 'his file' is not complete or accurate. Instead, it is triggered by a consumer's complaint that 'any item of information contained in [his] file' is not complete or accurate.

*Desautel v. Experian Info. Sol., LLC*, No. 19-CV-2836, 2020 WL 2215736, at *4 (D. Minn. May 7, 2020) (citing § 1681i(a)(1)(A)) (second alteration in original); *see also Norman v. Trans Union, LLC*, 479 F. Supp. 3d 98, 115 (E.D. Pa. 2020) ("In other words, an agency would have no duty to reinvestigate under § 1681i(a)(1)(A) if a consumer complained, for instance, that his file *in toto* was somehow incomplete or inaccurate, or that some item of information should [] have been included but was not."); *Paul v. Experian Info. Sols., Inc.,* 793 F. Supp. 2d 1098, 1102 (D. Minn. 2011) ("The weight of authority in other circuits indicates that without a showing that the reported information was in fact inaccurate, a claim brought under § 1681i must fail.") (quoting *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008)) (collecting cases). This requires a showing that the reported information was in fact inaccurate.

Here, Veneable alleges that she contacted Equifax on May 27, 2023, "disputing the completeness and accuracy of the tradelines by First Premier, Verizon Wireless, and Atlantic Capital Bank." Doc. 3 at 2. She does not include a copy of this communication, or any details regarding her specific complaint or dispute, including any alleged inaccuracies. Equifax contends her claims fail because she failed to allege "what inaccuracy or incompleteness she disputed" and "any facts showing how Equifax failed to follow reasonable procedures." Doc. 6-1 at 6. It cites numerous cases in which section 1681e(b) and 1681i claims have been dismissed on similar grounds. *See id.* at 6-7. I find these cases persuasive and agree that Veneable's complaint fails to include the necessary factual allegations that the information in the credit report was factually

inaccurate to sustain her 1681e(b) and 1681i claims. As such, Veneable has failed to state a claim under those provisions of the FCRA and her claims will be dismissed.[4]

## *V. CONCLUSION*

For the reasons stated herein, Equifax's motion (Doc. 6) to dismiss is **granted** and this case is **dismissed with prejudice**. Judgment **shall enter** in favor of defendant.

**IT IS SO ORDERED** this 14th day of September, 2026.

Leonard T. Strand
United States District Judge

[4] Alternatively, these claims fail because Veneable has failed to allege that a creditor was misled or to plead facts in support of her conclusory allegation that Equifax "failed to follow reasonable procedures." Doc. 3 at 2.